

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00051-CV

## IN THE ESTATE OF JANICE LEE WILHELM, DECEASED

### From the 369th District Court
### Leon County, Texas
### Trial Court No. O-12-00012

## MEMORANDUM  OPINION

Appellants Howard Wayne Farmer and Jennifer Christine Davis and Appellee Christine Bain have filed an "Agreed Motion to Dismiss with Prejudice." The parties state that "[a]ll matters of fact and things in controversy between all of the Parties have been fully and finally compromised and settled by the Parties." Appellants therefore request that we dismiss with prejudice all claims that have been or could have been brought by them against Appellee, and Appellee requests that we dismiss with prejudice all claims that have been or could have been brought by her against Appellants. The parties then request that we dismiss this appeal and tax costs against the party incurring same.

We have no authority to dismiss the suit in the trial court and, at the same time, dismiss the appeal. We have the authority, however, to vacate the trial court's judgment and then dismiss the case by agreement of the parties. *See* TEX. R. APP. P. 42.1(a)(2)(A); 43.2(e); *Young Materials Corp. v. Smith*, 4 S.W.3d 84, 84–85 (Tex. App.—Waco 1999, no pet.) (per curiam) (mem. op.); *see also Garcia v. Meece*, No. 10-19-00052-CV, 2020 WL 1809466, at *1 (Tex. App.—Waco Apr. 8, 2020, no pet.) (mem. op.).

Accordingly, the parties' "Agreed Motion to Dismiss with Prejudice" is granted to the extent authorized. The trial court's Order signed on February 1, 2019, is vacated, and the case is dismissed with prejudice. *See* TEX. R. APP. P. 42.1(a)(2)(A); 43.2(e). Costs of appeal are taxed against the party incurring same.

Because the Court was unable to grant the entirety of the parties' motion, the Court has endeavored to implement the substance of the parties' agreed motion to achieve the same result. If the parties determine that the judgment of the Court does not accomplish the parties' intended result, a timely motion for rehearing must be filed that addresses the manner in which the Court can implement the agreement of the parties within the limitations of the Rules of Appellate Procedure. *See id.* R. 42.1; 49.1.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Vacated and dismissed

Opinion delivered and filed July 20, 2022
[CV06]

